UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CARIN SHONTEL SEALS,

    Petitioner,

v.

BUREAU OF PRISONS,

    Respondent.

Civil Action No. 5: 18-153-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Carin Shontel Seals has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In May 2009, Seals was charged in a Delaware federal court with defrauding Citibank out of approximately $3 million. However, she was not taken into custody at that time. On February 7, 2011, the Delaware court sentenced Seals to 48 months imprisonment pursuant to a guilty plea. Seals was ordered to self-surrender into Bureau of Prisons ("BOP") custody on March 7, 2011. *United States v. Seals*, No. 09-CR-61-SLR (D. Del. 2009).

Two weeks before she was scheduled to surrender, on February 22, 2011 Seals was arrested by federal agents and charged for her role in an extensive conspiracy centered in Pennsylvania to traffic in crack cocaine. After she reached a plea agreement with the government in that case, on July 24, 2013 Seals was sentenced to 151 months imprisonment to run consecutively to her 48-month sentence from Delaware. During the sentencing hearing, the trial judge explained to Seals that she would get credit for the 28 months she had spent in pretrial detention against at least one, and possibly both, of her sentences, but that it was solely up to the BOP to determine such credits by applying its rules and regulations. The written judgment did include a recommendation:

> ... to the Bureau of Prisons, *if appropriate*, that defendant receive credit towards *this* sentence of imprisonment for all time spent in official detention on the charge for which she is being sentenced herein at the Lehigh County, Pennsylvania, Prison from February 22, 2011, the date of her arrest by federal authorities on this charge, until July 24, 2013, the date of the within sentence.

(emphasis added). In August 2015, the trial court reduced Seals's sentence to 121 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Seals*, No. 5: 11-CR-36-GAM-11 (E.D. Pa. 2011).

In her petition in this Court, Seals contends that – notwithstanding clear language in the 2013 Pennsylvania judgment to the contrary – the Pennsylvania judge intended that she receive credit from February 22, 2011 to July 24, 2013 not just against the Pennsylvania sentence, but against the pre-existing Delaware sentence as well. [R. 1 at 2]

Contrary to Seals's repeated suggestion in her administrative remedies [R. 1-10], there is neither ambiguity nor overlap in her sentences, and the BOP has properly computed her prior custody credits. See [R. 1-10 at 5, 7] When the Pennsylvania sentence was imposed and ordered to run consecutively to the Delaware sentence, Seals's two sentences were aggregated into a single 169-month term of imprisonment. BOP Program Statement 5880.28. With prior custody credits taken into account from the day she was taken into custody on February 22, 2011, until her sentence was imposed on July 24, 2013, Seals's aggregated sentence effectively commenced on February 22, 2011.[1]

Seals also sought additional credit from the BOP in light of the language quoted above from the Pennsylvania court, but the BOP properly denied that request. [R. 1-10 at 8] The Pennsylvania

---

[1] The BOP's analysis of Seals's inmate grievance inadvertently and incorrectly states that in February 2011 she self-surrendered two weeks early on the Delaware sentence instead of correctly stating that she was arrested on the Pennsylvania charges on that date. Compare [R. 1-10 at 5, 7] with *United States v. Seals*, No. 5: 11-CR-36-GAM-11 (E.D. Pa. 2011) [R. 442 at 55-58 therein]. This misapprehension had no effect upon the total time that Seals will serve on her sentences because the two sentences were ordered to run consecutively to one another, and because Seals's custody effectively commenced – either in actual service of her Delaware sentence or as creditable pretrial custody on her Pennsylvania sentence – in February 2011 under either scenario.

court correctly understood that only the BOP has the authority to calculate prior custody credits, *United States v. Wilson*, 503 U.S. 329, 335 (1992), and thus it could not order a specific calculation in that regard. Seals also argues that the Pennsylvania court intended to "credit[] her with the time she was in custody in connection with both cases." [R. 1 at 3] If Seals means the trial court intended for her to receive this 29-month period of credit not once but twice, once to each sentence, then the judgment establishes just the opposite as it recommended "that defendant receive credit towards ***this*** sentence of imprisonment ..." Such "double counting" is also expressly forbidden by 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time."). The Court has also thoroughly reviewed the transcript of the July 2013 sentencing hearing, and there is no indication that the Pennsylvania court either intended to or actually did order anything other than what is set forth in the written judgment with respect to prior custody credits or a reduction in sentence.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Carin Shontel Seals's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated March 27, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY